IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| SINCLAIR BOYD | : | BANKRUPTCY NO.: 5-06-bk-51976 |
| ROSEMARY BOYD, | : | |
| | : | |
|     DEBTORS | : | |
| | : | |
| CHARLES J. DeHART, | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
|     MOVANT | : | |
|     vs. | : | |
| | : | |
| SINCLAIR BOYD | : | |
| ROSEMARY BOYD | : | |
|     RESPONDENTS | : | |

# OPINION

According to 11 U.S.C.A. § 1325(b), when confronted with an objection, a debtor must either pay all claims in full or dedicate sufficient funds to the plan as measured by so much of "disposable income" as is received during the applicable commitment period.

The Trustee has filed an Objection to the Debtors' Plan alleging that expenses set forth on Official Form B22C have been over-reaching and should be disallowed because insufficient funds are being dedicated to the Plan. More specifically, the Debtors are claiming that $200 spent toward educating an adult daughter and $240 in estimated recreation funds are necessary monthly expenses that reduce "disposable income."

A hearing on this issue was conducted on May 2, 2007, after which I took the matter under advisement.

[m:\users\cathy\opinions\5-06-bk-51976_Boyd.wpd]

If the Debtors have income that is higher than the median income for a family of their size in the state, amounts reasonably necessary to be expended in arriving at disposable income are to be determined in reference to subparagraphs (A) and (B) of § 707(b)(2).  11 U.S.C.A. § 1325(b)(3).

Section 707(b)(2)(A)(ii)(1) reads:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent.

11 U.S.C.A. § 707

Internal Revenue Service National Standards have been established for five necessary expenses: food, housekeeping supplies, apparel and services, personal care products and services, and miscellaneous.  As indicated at the IRS web page, all expenses except miscellaneous are derived from the Bureau of Labor Statistics Consumer Expenditure Survey.  http://www.irs.gov/individuals/article/0,,id=96543,00.html  These allowances are for amounts based on family size without questioning the actual amount spent.  The miscellaneous component provides for a discretionary allowance of $100 for one person and $25 for each additional person in the family.  Internal Revenue Manual 5.15.1.8 1. E.

The IRS Local Standards include maximum allowances for housing and utilities and transportation, and they vary by location.  An allowance is made for the amount

[m:\users\cathy\opinions\5-06-bk-51976_Boyd.wpd]    2

Case 5:06-bk-51976-JJT    Doc 53    Filed 11/06/07    Entered 11/06/07 16:31:11    Desc
Main Document    Page 2 of 7

actually spent or the Standard, whichever is less.

In this case, there appears to be no controversy relative to allowances represented by the National or Local Standards. The area of concern is directed to the third category of allowance set forth in § 707(b)(2)(A)(ii), i.e., Other Necessary Expenses. More specifically, the Trustee believes the Debtors wrongfully deducted expenses of $240 a month for recreation and $200 a month for their daughter who is a freshman in college in line 59 on their B22C means test form.

At the confirmation hearing, Mr. Boyd testified that he and his family used the $240 recreation expense to go out to dinner and to the occasional movie. Mr. Boyd also testified that the $240 was also used by the family as a "buffer" which he and his wife used for vehicle expenses, given that their car had over 200,000 miles on it, and both he and his wife commuted long distances to work. He said that the money was there in case his car broke down or needed repairs.

Mrs. Boyd testified as to the $200 a month support for their daughter. She noted that her nineteen year old daughter was attending a state university and was paying for her tuition and room and board through loans. She stated that although the loans covered room and board, it did not cover her daughter's books, supplies, a portion of her meals,[1] nor did it cover other small necessities like toothpaste and toiletries. Mrs. Boyd further testified that her daughter was taking a full course load and that she was unable to

---

[1] The meal plan provided by the school dormitory only includes 14 meals a week, and no weekend meals were provided for her.

maintain a job because of the rigorous schedule.

The Debtors had taken the entire National Standard allowance on their B22C form. The expenses in question were requested in Form B22C Part VI: Additional Expense Claims. While little guidance is given in the statute as to what may be covered, such expenses are termed as "necessary" for the debtor, the dependents of the debtor, and the spouse of the debtor. Section 707(b)(2)(A) also includes a nonexclusive list of expenses that would fall into this category. Included within that list is a provision allowing the actual expense, up to $1500 per year, for educating a minor child in a public or private elementary or secondary school. 11 U.S.C. A. § 707(b)(2)(A)(ii)(IV). I am now confronted with a request to consider whether a $2400 per year contribution to an adult child attending a college is reasonably necessary. Applying the principle of *ejustem generis*[2], I am inclined to conclude that Congress would not deem that expense necessary, considering that the statutorily approved expenditure is a smaller amount than the request before me, deals with a dependent minor child rather than an adult, and references those critical elementary and secondary school years, as opposed to undergraduate education.

Moreover, the term "Other Necessary Expense issued by the Internal Revenue Service," as found in the applicable section of the Bankruptcy Code, is a term of art requiring me to reference IRS source material for explanation. Reference can be found in the Financial Analysis Handbook of the Internal Revenue Manual (5.15.1) at 5.15.10.

---

[2] A canon of construction that when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same type as those listed. Black's Law Dictionary (8th ed. 2004).

[m:\users\cathy\opinions\5-06-bk-51976_Boyd.wpd]    4

The categories for consideration are the "health and welfare of the [debtor] and/or his or her family or they must be for the production of income." An example, set forth in the Financial Analysis Handbook, is useful.

> **2. Question.** A taxpayer has a child in an expensive university. She has already paid the university $25,000 for tuition and housing for the school year and she intends to pay another $25,000 next July for the following school year. Should this expense be allowed?
>
> **Answer.** Yes, if we can get a full pay within five years. Otherwise, the expense will not be allowable. If the provisions of LEM 5.3 are met, the taxpayer may be eligible for an allowable expense to cover the child's enrollment at a local college. The reduced education expense could make it possible for the taxpayer to take advantage of the five-year rule. Tell the taxpayer that we expect an amount equal to the tuition. She is responsible for deciding what expense modifications or eliminations are needed to pay the tax liability.

Financial Analysis Handbook 5.15.1-1 (05-01-2004).

An apparent conclusion is that the category "Other Necessary Expenses" would not include college tuition payments for an adult child except to the extent that the "tax" obligation could still be paid within five years. Of course, the analogy applicable here would not be tax, but unsecured debt. The Debtor's proposed plan would only pay a fraction of the unsecured claims.

Another example in the Handbook is helpful when considering the Debtors' recreational expense.

> **6. Question.** A taxpayer claims her cable TV expense of $40 per month is a necessary expense because she lives in a remote area where reception is poor. Should this expense be allowed?
>
> **Answer.** Yes, if we can get a full pay within five years. But it is not a

>   necessary expense. Also, the National Standards include an amount for
>   "miscellaneous" expenses which could cover cable TV.

*Id.*

The following example is believed to be particularly apropos since it addresses a situation where an individual simply spends more than the National Standards for an item.

>   7. **Question.** A taxpayer claims that she needs more than the amount
>   provided by the National Standards because she has five teenage children.
>   Can she get an increased amount?
>
>   **Answer.** Yes, if she can fully pay the tax liability within five years.
>   Otherwise, she has to substantiate and justify all the expenses included
>   within the National Standards. The fact that she spends more than the
>   National Standards allow for one category, such as clothing, does not in
>   itself constitute a justification

*Id.*

Recalling that the National Standards include a component for "food" including restaurants, and a "miscellaneous" component which increases with the number of persons in the household, I have been offered no evidence on this record why the National Standards allowance is insufficient for these Debtors. They simply state that they spend more than the National allowance.

Moreover, the educational expense for a healthy adult child would not be seen by the IRS as an Other Necessary Expense, and I don't believe that I should see it any

differently.

For these reasons, both expenses are disallowed, the Trustee's Objections are sustained, and the Debtors are directed to file an Amended Plan within thirty days.

An Order will follow.

Date: November 6, 2007

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*